1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  ARVIN RAY QUARLES,                      )  Case No. 1:15-cv-01212-SAB (PC)
                                            )
12                  Plaintiff,              )
                                            )  ORDER DISMISSING COMPLAINT, WITH
13          v.                              )  LEAVE TO AMEND, FOR FAILURE TO STATE
                                            )  A COGNIZABLE CLAIM FOR RELIEF
14  COALINGA MUNICIPALITY, et al.,          )
                                            )  (Doc. 1)
15                  Defendants.             )
                                            )
16  _____)

17          Plaintiff Alvin Ray Quarles is a civil detainee proceeding pro se in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions

19  Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison

20  Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Pursuant to 28 U.S.C. §

21  636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 8,

22  2015.  Local Rule 302.

23                                    **I.**

24                         **SCREENING REQUIREMENT**

25          The in forma pauperis statue provides, "Notwithstanding any filing fee, or any portion thereof,

26  that may have been paid, the court shall dismiss the case at any time if the court determines that … the

27  action or appeal … fails to state a claim upon which relief may be granted."  28 U.S.C. §

28  1915(e)(2)(B)(ii).

                                     1

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Coalinga County, Audrey King, Nicole Rodriguez, Linda Moon, Rebekah Reeves, Jesse Garcia, and John Does 1 and 2, as Defendants.

Plaintiff arrived at the Coaling State Hospital on July 16, 2014.  Plaintiff contends while in the custody of the hospital, he was unable to secure his personal property.  Plaintiff arrived at a new dorm on December 10, 2014, and each dorm consists of up to four people and each resident has no way to lock his dorm.  However, patients can allegedly secure their lockers in their dorms.  Psych technician, Nicole Rodriguez gave Plaintiff his locker combination, and Plaintiff tried unsuccessfully to open the locker.  Ms. Rodriguez also tried several times unsuccessfully to open the locker without success.  Ms. Rodriguez then told Plaintiff she would order maintenance to install a new lock combination.  Ms. Rodriguez nor any other staff member informed Plaintiff he could secure his property in the office or lock his dorm.  Plaintiff's new television, media player, hard drive, small radio, headphones, disks, cosmetics, food, and his legal paper work were all left unattended.

On December 17, 2014, Plaintiff went to breakfast at 6:40 a.m., and then to the gym between 7:00 and 8:00 a.m.  Plaintiff returned to his dorm area around 8:15 a.m. and discovered that his media player and hard drive were on the floor.  The USB and HDMI wires were disconnected from his television, and the television casing was broken.  Plaintiff's television, media player and hard drive were damaged as a result of the incident.

Plaintiff reported the incident to Linda Moon and Rebekah Reeves who indicated the room was not searched and Plaintiff was free to file a police report.  When police arrived for an interview, Plaintiff was asked why he did not secure his property in his locker, and Plaintiff explained that the lock did not work.  Plaintiff requested that police dust for fingerprints on the television to positively identify the culprit.  However, police responded that fingerprints were not taken unless it was a serious crime.

Coalinga State Hospital policy requires that staff make safety and security checks in the dorms while patients at the dining hall.

On December 19, 2014, maintenance went to Plaintiff's dorm to repair the lock.  After the replacement, Plaintiff asked Jesse Garcia to document in the log book that maintenance repaired his lock and combination.

Plaintiff sought monetary costs for the damage to his property from the State Board of Control.

On June 24, 2015, Plaintiff was moved to a new housing unit with less supervision and asked the officer for a locker combination.  The officer informed Plaintiff the computer was down.

Plaintiff contends that the Coalinga State Hospital has a policy to never provide new padlocks and/or new locker numbers to protect the patient's personal property.

**III.**

**DISCUSSION**

**A.      Due Process Clause of the Fourteenth Amendment**

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).  Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face.  Id. at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure

3

presence at trial, are not similarly situated to those civilly committed).  The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence."  <u>Ammons v. Washington Dep't of Soc. & Health Servs.</u>, 648 F.3d 1020, 1029 (9th Cir. 2011).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," <u>Nevada Dept. of Corrections v. Greene</u>, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing <u>Vance v. Barrett</u>, 345 F.3d 1083, 1090 (9th Cir. 2013)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  <u>Hudson v. Palmer</u>, 468 U.S. at 533; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).

In the instant case, Plaintiff's claim is premised on the fact that he contends a policy exists that officials fail to provide Plaintiff a working lock for his personal property and his property was subsequently damaged by vandalism.  Plaintiff's allegations, at most, give rise to an unauthorized deprivation of property which is not cognizable by way of a section 1983 complaint.  Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  <u>Barnett</u>, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).  In an abundance of caution, the Court will grant Plaintiff one opportunity to amend the claim, if he feels he can do in good faith.

**B.     State Law Violations**

Plaintiff alleges violations of state statutes and regulations, and he alleges Coalinga State Hospital's policy regarding locker combinations for patients' personal property was instituted in violation of the statutory authority.  <u>See</u> <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 283-86 (2002)

4

(basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Allen v. Gold County Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations); Cole v. Sisto, 2010 WL 2303257, at *4-5 (E.D. Cal. 2010) (citing Lone Star Sec. & Video, Inc. v. City of Los Angeles, 584 F.3d 1232, 1236-37 (9th Cir. 2009)) (being subjected to a rule that is invalid under state law does not give rise to a viable section 1983 claim).

### C.    Municipal Liability

Plaintiff names and seeks liability against the County of Fresno, the County in which Coalinga State Hospital is located.

Municipalities and other local government units are subject to suit under section 1983. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012) (citing Monell v. Department of Social Services, 436 U.S. 658, 690 (1978)). Plaintiff cannot maintain a municipal liability claim in the absence of an underlying constitutional violation. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. at 691; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal

liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id.

Because Plaintiff has not stated a valid constitutional violation based on the alleged policy regarding securing his personal property, there is no basis to impose liability against the County of Fresno.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed August 5, 2015, is dismissed for failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 23, 2015**

UNITED STATES MAGISTRATE JUDGE