UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN RAY QUARLES,<br><br>                    Plaintiff,<br><br>          v.<br><br>COALINGA MUNICIPALITY, et al.,<br><br>                    Defendants. | Case No. 1:15-cv-01212-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff Alvin Ray Quarles is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 8, 2015. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed April 11, 2016. (ECF No. 12.)

## I.

## SCREENING REQUIREMENT

The in forma pauperis statue provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the

1  action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff arrived at the Coalinga State Hospital on January 15, 2014.  Plaintiff contends while in the custody of the hospital, he was unable to secure his personal property.  Plaintiff arrived at a new dorm on December 10, 2014, and each dorm consists of up to four people and each resident has no way to lock his dorm.  However, patients can allegedly secure their lockers in their dorms.  Psych technician, Nicole Rodriguez gave Plaintiff his locker combination, and Plaintiff tried unsuccessfully to open the locker.  Ms. Rodriguez also tried several times unsuccessfully to open the locker without success.  Ms. Rodriguez then told Plaintiff she would order maintenance to install a new lock combination.  Neither Ms. Rodriguez nor any other staff member informed Plaintiff he could secure his property in the office or lock his dorm.  Plaintiff's new television, media player, hard drive, small radio, headphones, disks, cosmetics, food, and his legal paper work were all left unattended.

On December 17, 2014, Plaintiff went to breakfast at 6:40 a.m., and then to the gym between 7:00 and 8:00 a.m.  Plaintiff returned to his dorm area around 8:15 a.m. and discovered that his media player and hard drive were on the floor.  The USB and HDMI wires were disconnected from his television, and the television casing was broken.  Plaintiff's television, media player and hard drive were damaged as a result of the incident.

Plaintiff reported the incident to Linda Moon and Rebekah Reeves who indicated the room was not searched and Plaintiff was free to file a police report.  When police arrived for an interview, Plaintiff was asked why he did not secure his property in his locker, and Plaintiff explained that the lock did not work.  Plaintiff requested that police dust for fingerprints on the television to positively identify the culprit.  However, police responded that fingerprints were not taken unless it was a serious crime.

Coalinga State Hospital policy requires that staff make safety and security checks in the dorms while patients at the dining hall.

On December 19, 2014, maintenance went to Plaintiff's dorm to repair the lock. After the replacement, Plaintiff asked Jesse Garcia to document in the log book that maintenance repaired his lock and combination.

Plaintiff sought monetary costs for the damage to his property from the State Board of Control.

Plaintiff filed a police report but was never provided a copy of the report.

On June 24, 2015, Plaintiff was moved to a new unit with less supervision. When Plaintiff asked the officer for his locker combination, he informed Plaintiff the computer was down.

Plaintiff contends that the Coalinga State Hospital has a policy to never provide new padlocks and/or new locker numbers to protect the patient's personal property.

Plaintiff contends there is a disputed material fact as to the unconstitutional and discriminatory hospital policy which subjects Plaintiff and all Sexually Violent Predator patients to have no way to protect hospital approved personal property whenever a patient is required to move. Executive Director, Audrey King, discriminates against Plaintiff by failing to secure Plaintiff's personal property under the Americans with Disabilities Act (ADA). In addition, King fails to gain certification of compliance with the Administrative Procedure Act (APA).

## III.

## DISCUSSION

**A.    Due Process Clause of the Fourteenth Amendment**

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that

3

1  professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a
2  professional, is presumptively valid; liability may be imposed only when the decision by the
3  professional is such a substantial departure from accepted professional judgment, practice, or
4  standards as to demonstrate that the person responsible actually did not base the decision on such a
5  judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th
6  Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a
7  pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure
8  presence at trial, are not similarly situated to those civilly committed).  The professional judgment
9  standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of
10 conscious indifference amounting to gross negligence."  Ammons v. Washington Dep't of Soc. &
11 Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011).

12 The Due Process Clause of the Fourteenth Amendment of the United States Constitution
13 protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell,
14 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v.
15 May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are
16 actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984);
17 Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when
18 the agency "prescribes and enforces forfeitures of property without underlying statutory authority and
19 competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th
20 Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2013)) (internal quotations omitted).

21 The Due Process Clause is not violated by the random, unauthorized deprivation of property so
22 long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. at 533;
23 Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

24 In the instant case, Plaintiff's claim is premised on the fact that a policy exists that officials fail
25 to provide Plaintiff a working lock for his personal property and his property was subsequently
26 damaged by vandalism.  Plaintiff's allegations, at most, give rise to an unauthorized deprivation of
27 property which is not cognizable by way of a section 1983 complaint.  Plaintiff has an adequate post-
28 deprivation remedy under California law and therefore, he may not pursue a due process claim arising

out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

### B. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-213 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

As to this claim Plaintiff alleges "un-promulgation of every bylaws for twenty years thus far is facially discriminatory against the mentally disabled individuals in violation 42 USC 12132…" Plaintiff fails to state a claim under the ADA.  Plaintiff's first amended complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities at Coalinga State Hospital by reason of his disability.  To the contrary, the incidents giving rise to this lawsuit appear relate solely to his claim that his property was the subject of vandalism and improper investigation which does not provide a basis upon which to impose liability under the ADA.  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).  Indeed, Plaintiff claims the hospital is "rife with uncontrollable predator vandalism and thievery" and through discovery Plaintiff can acquire all reports made related to vandalism and property theft.  As a result, Plaintiff contends he is denied police services due to his disability.  The Court also notes that individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA.  See, e.g., Heinke v. Cnty. of Tehama Sheriff's Dept., No.

5

CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); Mosier v. California Dep't of Corr. & Rehab., No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

### C. Administrative Procedure Act

Plaintiff claims that he is subjected to an underground regulation is insufficient to state a claim under § 1983. Plaintiff contends that Administrative Directive (AD) 818 which defines and lists five different categorizes of contraband, including items not allowed on hospital grounds, items not allowed inside security, items not allowed in individuals' possession, supervised items, and controlled items. California law provides that no state agency may issue, utilize or enforce a rule that constitutes a "regulation" unless the rule has been adopted as a regulation under the Administrative Procedures Act. The California Office of Administrative Law ("OAL") is charged with determining whether a given instruction or rule should be adopted pursuant to the APA and any regulation which violates the APA may be deemed an "underground regulation." Cal. Gov't Code §§ 11340.2 and 11340.5; Cole v. Sisto, No. 08CV2318 JCW, 2010 WL 2303257, *3 (E.D. Cal. 2010). While a determination of an "underground regulation" under state law may be persuasive, it is not binding on the courts. Id. at *4.

First, there is no showing that AD 818 was used against Plaintiff as it defines unlawful contraband and Plaintiff concedes his television was not contraband and was not confiscated, but was rather the subject of an unauthorized act of vandalism. Second, even if the Court were to find that the policy alleged by Plaintiff was an "underground policy" promulgated in violation of the APA, Plaintiff would still be unable to state a due process claim for relief under § 1983. The Ninth Circuit Court of Appeals has held that a plaintiff cannot maintain a due process cause of action under § 1983 on the premise that the plaintiff was subjected to a rule that violated state law. Id. (citing see, e.g., Lone Star Security & Video, Inc. v. City of Los Angeles, 584 F.3d 1232 (9th Cir. 2009). An exception may exist where a plaintiff states that the violation of state law creates an "atypical and significant hardship" as compared to the normal "incidents of prison life." Cole, 2010 WL 2303257, at *5.

Here, Plaintiff contends Coalinga State Hospital has an underground policy with regard to securing personal property and investigation measures.  Plaintiff fails to present facts which demonstrate an atypical hardship to invoke this Court's authority under § 1983.  Accordingly, Plaintiff's claims relating to underground policies must be dismissed for failure to state a cognizable claim for relief.

### D. State Law Violations

Plaintiff alleges violations of state statutes and regulations, and he alleges Coalinga State Hospital's policy regarding locker combinations for patients' personal property was instituted in violation of the statutory authority.  See Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Allen v. Gold County Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations); Cole v. Sisto, 2010 WL 2303257, at *4-5 (E.D. Cal. 2010) (citing Lone Star Sec. & Video, Inc. v. City of Los Angeles, 584 F.3d 1232, 1236-37 (9th Cir. 2009)) (being subjected to a rule that is invalid under state law does not give rise to a viable section 1983 claim).  Moreover, to the extent Plaintiff may state a cognizable claim under state law, the Court declines to exercise supplemental jurisdiction over such claims because there is no cognizable federal constitutional claim.  The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it."  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### IV.
### ORDER

The Court finds that Plaintiff's first amended complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Plaintiff was previously notified of the applicable legal standards and the first amended complaint is substantially similar to the original complaint, and Plaintiff simply re-states his claims of an improper policy at Coalinga State Hospital to protect his

personal property from vandalism.  Based upon the allegations in Plaintiff's original and first amended, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for failure to protect Plaintiff in violation of the Eighth Amendment, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 22, 2016**

UNITED STATES MAGISTRATE JUDGE